IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISABEL ACEVEDO VEGA, PEDRO FAMILIA and the Conjugal Partnership formed by them<br><br>Plaintiffs<br><br>V.<br><br>VENEGAS CONSTRUCTION CORP., and its insurance company ABC; A.M. ELECTRICAL CORP. and its insurance company DEF; COMAS & COMAS CONSTRUCTION CORP., and its insurance company GHI;<br><br>Defendants | CIVIL NO. 04-2216 (DRD)<br><br>TORTS<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW plaintiffs, through their undersigned attorneys and very respectfully state, allege and pray:

### I. JURISDICTIONAL PLEADINGS

1. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C.§1332 in that complete diversity of citizenship exists between plaintiffs and defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II.  IDENTIFICATION OF PARTS

2. At all times herein material, plaintiffs Isabel Acevedo Vega and Pedro Familia are residents of the state of New York, United States of America.

3. Defendant, Venegas Construction Corp., ("Venegas Construction") is a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Puerto Rico.

4. Defendant, AM Electrical Corp.("AM Electrical"), is a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Puerto Rico.

5. Comas & Comas Construction Corp. ("Comas & Comas"), is a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Puerto Rico.

6. Insurance companies ABC, DEF, GHI, have insurance policies to cover the damages alleged in the present complaint. Their place of incorporation and principal place of business are other than New York.

### III.     PLEADINGS CONCERNING CLAIMS FOR RELIEF

7.  On August 2004, plaintiff Isabel Acevedo Vega, who is 55 years of age, traveled to Puerto Rico to visit her sister Cruz Acevedo Vega in Mayagüez.  During the visit, on August 11, 2004, plaintiff and her sister decided to do some errands in the center of the town of Mayagüez.  At that time, defendants Venegas Construction, AM Electrical and Comas & Comas, were doing construction work on the streets and sidewalks of town.  As plaintiff, Isabel Acevedo Vega, walked on Post Street with the corner of Ramos Antonini Street, she tripped with the debris left on the area by defendants and fell.

8.  At the time of the fall, plaintiff had no alternate means of crossing the street towards the destination she was going.  All four available sidewalks were in construction.  Some areas had an orange plastic material blocking the area, but the sidewalk where plaintiff fell had no orange protector.  All pedestrians that were in the area walked through the construction and over the debris, since the construction takes up most of the streets and sidewalks of town and there are no alternate ways to reach the particular destinations.

## IV. DAMAGES

9.  After the fall, plaintiff's sister took Isabel to the San Antonio Hospital in the town of Mayagüez.  Plaintiff arrived at 11:06 a.m. with a trauma on her left arm.  X-rays were taken which revealed she had a transverse fracture of the distal radius with mild dorsal angulation.  She also had an oblique fracture of the distal ulna.

10. The next day, August 12, 2004, she went to Orthopaedic surgeon, José A. Cancio, who placed her arm on a sling until she arrived to New York.  On August 13, 2004, Isabel Acevedo Vega was seen at Our Lady of Mercy Medical Center.  X-rays were taken and a cast was placed on her left arm.  Plaintiff had the cast for eight weeks. After the cast was removed, she began taking physical therapy. During the eight weeks that plaintiff had the cast, she could not perform the rutinary activities she usually does inside or outside her home.  Her husband, Pedro Familia, had to help her shower and dress, clean the house, cook and perform all the housework that plaintiff is unable to do because of her pain.  Even with the cast removed, plaintiff is unable to perform many of those activities since she still feels a lot of pain on her arm.  Plaintiff's damages for

physical and emotional pain are reasonably estimated in $200,000.00.

11. Plaintiff works at Lehman College, New York, as a maintenance worker, earning $1,898.78 monthly. Since the accident, plaintiff has not been able to return to work. As of November, plaintiff has lost $3,797.54 in income. This amount will continue to increase as time goes by since it is unknown at this time when she will be able to return to work.

12. Plaintiff does not have a medical insurance. As of now, her medical expenses are estimated in $4,000.00. This amount will continue to increase as she receives the required treatment, including a possible surgery and physical therapies.

13. Pedro Familia is plaintiff's husband. He has suffered greatly through his wife's ordeal. Since the accident, Isabel has not been able to clean the house, cook, wash the dishes, bathe or put on her clothing. Pedro has done all the housework and has helped Isabel with her personal needs. He suffers by seeing his wife in pain, feeling helpless and depressed. Pedro lost his job near the same time of the accident, and now he cannot count on his wife's income. This has

created a lot of tension and suffering in the house. Plaintiff's damages are reasonably estimated in $80,000.00.

### IV. NEGLIGENCE

14. At the time of the accident, Venegas Construction Corp., A.M. Electrical Corp. and Comas & Comas Construction Corp. were doing construction work in most sidewalks and streets of the center of the town of Mayagüez, including the street and sidewalk where the accident occurred. This construction has been going on for about two years, but is still pervasive throughout most of the streets and sidewalks of the town. The defendants have been doing the construction work in a very sloppy manner, leaving piles of debris, holes, dirt, and dangerous obstacles all over the place. Defendants have been performing the work in the described manner knowing the businesses in town continue to open to the public and that the people of Mayagüez still have to go to town to do their errands and are obliged to walk over those obstacles left by defendants all over the area.

15. Defendants created a dangerous condition in the sidewalks and streets of the town. They breached their duty of care, which includes the duty of anticipating and preventing damages to the public. Given

      the sloppy manner in which defendants have been conducting the construction work, it is a fact that they have not acted as prudent and reasonable men.

16. Pursuant to Puerto Rican case law, a pedestrian is not required to walk looking continuously to the ground in order to prevent any possible accident due to the negligence of another. In the above captioned case plaintiff, Isabel Acevedo, was forced to walk through the area where the accident occurred since there was no other safe area to walk through.

17. Insurance Companies ABC, DEF and GHI, have insurance policies that cover the damages alleged in the present complaint.

18. Plaintiffs demand trial by jury.

**WHEREFORE,** plaintiffs respectfully request from this Honorable Court that judgement be entered jointly against defendants in the amount of $287,797.56, together with interests thereon from the date of filing this complaint if defendant is obstinate during the course of the litigation, plus costs, expenses and a reasonable amount for attorneys' fees.

In San Juan, Puerto Rico, this 3rd day of November, 2004.

**/S:  MARIA DEL MAR ORTIZ**
**ORTIZ TORO & ORTIZ BRUNET**
USDC-PR 211311
P.O. BOX 192064
SAN JUAN, PR  00919-2064
TEL. 754-7698  FAX 753-2207
e-mail:  carmentc@caribe.net; ortizsan@coqui.net